UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JAMES R. MOON, II, | Case No. 14-193 |
| Plaintiff, | **RULE 81 STATEMENT** |
| v. | |
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC f/k/a BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, | Removed from the District Court for Polk County, Iowa, No. CL 129970 |
| Defendant. | |

As required by Local Rule 81, Bridgestone Americas Tire Operations, LLC ("BATO"), Defendant in this case, provides the following information to the Court:

1. Copies of all the pleadings filed with the District Court for Polk County, Iowa and served on Defendant are attached.

2. The only matter currently pending in the state court that will require resolution is the state court matter removed by the Notice of Removal filed by Defendant.

3. Attorneys appearing on behalf of Plaintiff in the state court matter are:

    a. David H. Goldman, Babich Goldman, P.C., 501 SW 7th Street, Suite J, Des Moines, IA 50309, dgoldman@babichgoldman.com

    b. Michael J. Carroll, Babich Goldman, P.C., 501 SW 7th Street, Suite J, Des Moines, IA 50309, mcarroll@babichgoldman.com

    c. Kodi A. Brotherson, Babich Goldman, P.C., 501 SW 7th Street, Suite J, Des Moines, IA 50309, kbrotherson@babichgoldman.com

4. No attorneys have appeared on behalf of Defendant in state court.

**EXHIBIT A**

Respectfully submitted,

/s/Matthew S. Brick
Matthew S. Brick (AT0001081)
Erin M. Clanton (AT0002592)
BRICK GENTRY, P.C.
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
(515) 274-1450
(515) 274-1488 (Fax)
matt.brick@brickgentrylaw.com

Robert W. Vyverberg
HOLLAND & KNIGHT LLP
131 S. Dearborn Street; 30th Floor
Chicago, IL  60603
(312) 263-3600
(312) 578-6666 (Fax)
robert.vyverberg@hklaw.com

Counsel for Defendant
BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 12, 2014, I electronically transmitted this **RULE 81 STATEMENT** to the Clerk of the Court using the CM/ECF System, and via U.S. Mail, postage prepaid, for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David H. Goldman
Michael J. Carroll
Kodi A. Brotherson
Babich Goldman, P.C.
501 SW 7th Street, Suite J
Des Moines, IA 50309
dgoldman@babichgoldman.com
mcarroll@babichgoldman.com
kbrotherson@babichgoldman.com
**Counsel for Plaintiff**

             /s/Matthew S. Brick
             Matthew S. Brick (AT0001081)
             Erin M. Clanton (AT0002592)
             BRICK GENTRY, P.C.
             6701 Westown Parkway, Suite 100
             West Des Moines, IA 50266
             (515) 274-1450
             (515) 274-1488 (Fax)
             matt.brick@brickgentrylaw.com
             erin.clanton@brickgentrylaw.com

             Counsel for Defendant
             BRIDGESTONE AMERICAS TIRE
             OPERATIONS, LLC

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| JAMES R. MOON, II,<br><br>Plaintiff,<br><br>vs.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC f/k/a BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC,<br><br>Defendant. | CASE NO. LACL 129970<br><br>PETITION AT LAW |

**COMES NOW** Plaintiff James R. Moon, II, and for his Petition states:

## I. INTRODUCTION

1. This is an action brought pursuant to the Iowa Civil Rights Act of 1965, as amended, Chapter 216, *Code of Iowa* (2013) (hereinafter "the Act") against the Defendant Bridgestone Americas Tire Operations, LLC f/k/a Bridgestone Firestone North American Tire, LLC in Des Moines, Iowa, for its action in failing to hire Plaintiff because of his disability, perceived disability, and/or history of having a disability in order to redress the wrongs done to Plaintiff.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter because the value exceeds the small claims jurisdictional amount and acts material to this action occurred in the City of Des Moines, Polk County, Iowa, and, therefore, jurisdiction and venue are proper in this Court.

## III. PROCEDURAL PREREQUISITES

3. Plaintiff timely filed his administrative complaint with the Iowa Civil Rights Commission ("ICRC"), which was cross-filed as a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and was issued an Administrative

Release (a Right-to-Sue Letter) by the ICRC on February 28, 2014, a true copy of which is attached hereto and incorporated herein by reference as Exhibit "A."

4. Plaintiff timely commenced this lawsuit within ninety (90) days of the issuance of Exhibit "A."

### IV.   PARTIES

5. Plaintiff James R. Moon, II, is a resident of Des Moines, Polk County, Iowa (hereinafter "Plaintiff" or "Moon"), and was at times material hereto an applicant for employment at Bridgestone Americas Tire Operations, LLC f/k/a Bridgestone Firestone North American Tire, LLC.

6. Defendant Bridgestone Americas Tire Operations, LLC f/k/a Bridgestone Firestone North American Tire, LLC (hereinafter "Defendant" or "Bridgestone"), is a Delaware limited liability corporation, which operates a manufacturing plant in Des Moines, Iowa, and at all times material hereto was an "employer" within the meaning of Section 216.2(7), *Code of Iowa* (2013) was at times material hereto seeking applicants for employment.

### V.   FACTUAL BACKGROUND

7. Plaintiff incorporates paragraphs 1 through 6 above as though fully restated here.

8. Moon was born with cerebral palsy.

9. Moon's cerebral palsy does not limit his ability to work.

10. Moon previously worked two jobs that required him to operate a forklift and worked with tires at a previous job.

11. In approximately late June 2011, Moon applied for any open position with Defendant at its Des Moines facility.

12. Under Defendant's collective bargaining agreement in effect with the United Steel Workers, immediate relatives of employees covered by the collective bargaining agreement are automatically offered employment pending successful passage of a background check, a drug screening, and a pre-employment medical examination.

13. Moon's father, at the time Moon applied for employment with the Defendant, was and is currently an employee of Defendant at its Des Moines facility covered by the collective bargaining agreement with the United Steel Workers.

14. Because Moon was an immediate family member of a current employee covered by the collective bargaining agreement, he was not required to interview for any of the positions he applied for within the collective bargaining unit at the Defendant and was immediately offered employment.

15. On August 13, 2011, Moon completed the first phase of the required pre-employment medical examination.

16. On August 23, 2011, Moon returned for the appointment with Defendant's doctor as the second phase of the pre-employment medical examination.

17. During the physical examination with the doctor after he observed Moon walking, the doctor recommended Moon get shots in his legs to make them stronger. The company doctor gave Moon the names of two specialists.

18. Moon learned he was not hired by Defendant on Labor Day 2011 after Moon's father inquired about the status of his application.

19. Moon was at all times material to this lawsuit able to perform, with or without reasonable accommodation, the essential job functions of a general production job at Defendant's Des Moines facility.

## VI. CAUSE OF ACTION

**VIOLATION OF THE IOWA CIVIL RIGHTS ACT, OF 1965, AS AMENDED -- DISABILITY DISCRIMINATION**

20. Plaintiff incorporates paragraphs 1 through 19 above as though fully restated here.

21. Moon is protected by the Act because he has a disability, is regarded as having a disability, and/or has a history of having a disability.

22. Moon's disability, perception of a disability, and/or history of having a disability was a motivating factor in the Defendant's decision to discharge Plaintiff from employment.

23. Upon Moon learning that he was not going to be permitted to start work, he attempted to engage Defendant in an interactive process in an effort to obtain a reasonable accommodation, if Defendant believed that he could not perform the essential job function of the job without an accommodation.

24. Defendant failed to participate in any interactive process and, thereby, refused Moon's request for a reasonable accommodation.

25. Defendant's failure to engage in the interactive process in a good faith attempt to achieve a reasonable accommodation of Moon's disability if the Defendant believed that he could not perform the essential functions of the job without an accommodation is a violation the Act.

26. Defendant's failure to reasonably accommodate Moon's disability is a violation the Act.

27. Defendant's failure to hire Moon from employment is a violation the Act.

28. As a result of the Defendant's actions as set forth above, Moon has suffered and will, in the future, suffer emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, medical expenses, and the loss of wages and benefits.

## VII. RELIEF

**WHEREFORE**, Plaintiff James R. Moon, II, requests that judgment be entered in his favor and against Defendant Bridgestone Americas Tire Operations, LLC f/k/a Bridgestone Firestone North American Tire, LLC, and that the Court order the following:

A. Grant equitable relief in the form of orders requiring Defendant to do the following:

  (i) Refrain from engaging in any employment practice which discriminates on the basis of disability and violates the Act; and

  (ii) Provide training to its supervisory employees regarding how to effectively avoid engaging in disability discriminatory practices and to report to the court once every six months for a period of three years on the training provided and on its effectiveness; and

  (iii) Require that all disciplinary decisions regarding its employees be reviewed by legal counsel for compliance with EEO laws and regulations prior to implementation; and

  (iv) Monitor the workplace environment to assure that employees are not being treated with hostility based on disability and report annually to the court for a period of three years on its monitoring; and

  (v) Test and evaluate supervisory employees to assure that they do not exhibit or act upon biased or bigoted attitudes and opinions regarding persons with disabilities, do not tolerate disparate treatment based on disability by their subordinates, and report annually to the court for a period of three years on its testing and evaluating.

B. Order Defendant to make Plaintiff whole by awarding him lost earnings and the value of lost benefits and order the Plaintiff to be hired for the position applied for or, alternatively award him front pay in lieu of his being ordered to be hired..

C. Order Defendant to make Plaintiff whole by providing compensation for pecuniary losses including, but not limited to, costs to be incurred for health and life insurance premiums and costs of seeking new employment.

D.      Order Defendant to make Plaintiff whole by providing compensation for non-pecuniary losses, including without limitation, emotional distress, mental anguish, pain and suffering, inconvenience, humiliation and the loss of the enjoyment of life.

E.      Order Defendant to pay Plaintiff an offset, as an additional appropriate remedy pursuant to the Act for any and all income taxes due from him on account of the other damages and/or recovery awards herein;

F.      Award Plaintiff reasonable attorney fees and costs pursuant to the Act;

G.      Award pre-judgment interest against Defendant as allowed by law: and

H.      Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

*/s/ David H. Goldman*

| | |
|---|---|
| David H. Goldman | AT0001912 |
| Michael J. Carroll | AT0001311 |
| Kodi A. Brotherson | AT0006106 |

Babich Goldman, P.C.
501 SW 7th Street, Suite J
Des Moines, Iowa  50309
Telephone:  (515) 244-4300
Facsimile:  (515) 244-2650
E-Mail:  dgoldman@babichgoldman.com
E-Mail:  mcarroll@babichgoldman.com
E-Mail:  kbrotherson@babichgoldman.com

ATTORNEYS FOR PLAINTIFF

Original filed.

Administrative Release
(Letter of Right-To-Sue)

| To: | From: |
|---|---|
| MR. JAMES MOON, II<br>3418 EASTWOOD DR<br>DES MOINES, IA 50317 | Iowa Civil Rights Commission<br>Grimes State Office Building<br>400 E. 14th Street<br>Des Moines, Iowa 50319 |
| Complaint CP# 03-12-62275    EEOC# 26A-2012-00538C | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in district court. That action must be commenced within ninety (90) days of the issue date 2/28/2014. The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.

5-29-14 ✓ 8E

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Annette Flaherty at ICRC.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File

  KELLY D. DEWITT, Respondent's Attorney
  BRIDGESTONE / FIRESTONE AMERICAS
  BRIDGESTONE AMERICAS INC.

ICRC/S36 (24)

**Attachment A**